JOSEPH A. NATALE, PLAINTIFF-APPELLANT, v. AUTOMO-BILE FINANCE CO. ET AL., DEFENDANTS-RESPOND-ENTS.

Submitted May 25th, 1945—Decided September 27, 1945.

For the plaintiff-appellant, *Joseph A. Natale, in propria persona.*

For the defendants-respondents, *Charles Blume.*

The opinion of the court was delivered by

DONGES, J. Plaintiff appeals from a judgment of the Supreme Court, Somerset Circuit, entered in favor of the defendants by direction of Judge Leyden.

The action was for damages grounded on the alleged unlawful seizure and conversion of an automobile. Defendants answered and set up a counter-claim for an amount alleged to be due from plaintiff. Upon completion of plaintiff's proofs at the trial, motion was made for a nonsuit, which was denied. On completion of the defendants' proofs, plaintiff made a motion for a directed verdict in his favor, which was denied. No exception was taken to this action. Defendants thereupon moved for direction of a verdict in their favor on the plaintiff's claim, and for direction of a verdict for defendants on their counter-claim. The court directed that the jury bring in a verdict for the defendants and against the plaintiff. The defendants then announced that they desired to withdraw their counter-claim, which the judge stated might be done. The judgment entered shows that the "Judge directed the jury to return a verdict against the plaintiff on the complaint and the jury did accordingly return a verdict against the plaintiff and in favor of the defendants. The defendants voluntarily and without prejudice withdrew their counter-claim."

The plaintiff obtained a rule to show cause why a new trial should not be granted. The rule provided "that the plaintiff's exceptions to the refusal of the trial judge at the trial of said cause to direct a verdict for the plaintiff at the close of the whole case, when moved so to do by the counsel of plaintiff be, and they hereby are reserved."

As stated, the record shows that the plaintiff did not ask for any exception either as to the denial of his motion for a directed verdict or the granting of defendants' motion for a directed verdict in their favor.

On the rule to show cause, plaintiff assigned a number of reasons, among which were, "13. Trial judge erred in refusing to direct a verdict in favor of plaintiff." "18. Verdict was against the weight of evidence."

The rule to show cause was discharged. Thereupon plaintiff appealed to this court and set out substantially the same reasons as were set up and relied upon on the rule to show cause. Substantially, the points argued in the brief of plaintiff-appellant in this court were covered by the reasons assigned on the rule to show cause.

However, the only question sought to be reserved on the rule to show cause was as to the refusal to direct a verdict for the plaintiff. It appears that this question was set up as a ground for a new trial on the rule to show cause.

It has been repeatedly held by this court that, notwithstanding the reservation of exceptions, a reason assigned on a rule to show cause for a new trial that the verdict is against the weight of the evidence is a bar to argument on appeal that there was error in the refusal of motions for nonsuit and direction of a verdict, whether or no such reason was argued or determined on the rule; and that a reason being assigned on a rule to show cause, exceptions necessarily embraced therein may be made available on appeal only by having such reason expressly exscinded by order of the court allowing the rule. *Cleares* v. *Yeskel,* 104 *N. J. L.* 497; *Cleary* v. *Camden,* 119 *Id.* 387, and cases cited.

Appellant urges that the court abused its discretion in the refusal to grant a new trial on the ground of newly discovered evidence and novation, and that the court erred in refusing to grant a new trial because perjury and fraud were indicated.

The trial judge reviewed these questions on the return of the rule to show cause and determined them against appellant. In these conclusions we think there was ample support in the record.

In *Chiesa* v. *Public Service Co-ordinated Transport,* 128 *N. J. L.* 69, and cases cited therein, it is clearly stated that this court "may not substitute its judgment for that of the trial court: that it is only for the plainest abuse of discretion

that it reviews in error the action of the trial judge in granting or refusing to grant a new trial." In *Nelson* v. *Eastern Air Lines, Inc.,* 128 *Id.* 46, it was said that only when the disposition of a rule to show cause results in "shock to reason and to justice" is the "reason abuse of discretion" a sufficient ground of appeal.

We conclude that no adequate ground for reversal is sustained in this case and the judgment is, accordingly, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, JJ. 15.

*For reversal*—None.